UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JASMINE SOMONE WATSON** | ) <br> ) |
| Plaintiff, | ) Civil Action No. <br> ) |
| v. | ) COMPLAINT <br> ) |
| **APPLICANT INSIGHT, INC.** | ) JURY TRIAL DEMANDED <br> ) |
| Defendant. | ) <br> ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant Applicant Insight, Inc. (hereafter "Defendant") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).  Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Applicant Insight, Inc.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff, Jasmine Somone Watson, is an adult individual who resides in the State of Georgia.

8. Defendant Applicant Insight, Inc. is a business entity which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Defendant regularly conducts business in Northern District of Georgia

and has a principal place of business located at 7324 Little Rd., New Port Richey, FL 34654.

## FACTUAL ALLEGATIONS

9. On or about January 2024, Plaintiff applied for a position with Aetna.

10. As part of her job application, she purportedly authorized Aetna to conduct a background check on her for employment purposes.

11. On or about January 25, 2024, Aetna requested that Defendant conduct a background check report on Plaintiff and Defendant sold to Aetna at least one consumer report about Plaintiff which was inaccurate.

12. The report furnished by Defendant was for employment purposes.

13. The consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Aetna.

14. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties since at least January 2024 to the present.

15. The inaccurate information includes, but is not limited to, a pending misdemeanor charge for assault and battery which does not belong to Plaintiff but

belongs to at least one other consumer (herein after the "inaccurate information"). Plaintiff has no criminal history of her own.

16. The inaccurate information grossly disparages the Plaintiff and portrays her as having criminal charges against her, which she does not. There is perhaps no greater error that a consumer reporting agency can make.

17. The inaccurate information consists of inaccurate statements that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

18. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would not have reported the inaccurate information.

19. Plaintiff repeatedly disputed the inaccurate information with Defendant via telephone and by following Defendant's established procedures for disputing consumer information in or around February 2024.

20. Despite Plaintiff's efforts, Defendant, however, has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information

4

concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained the actual public records, police records or other records relating to the criminal charges.

21. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information and continued to report the derogatory inaccurate criminal information about the Plaintiff.

22. As a result of the inaccurate report Defendant sold to Aetna, Plaintiff was denied employment with Aetna and Plaintiff was informed by Aetna that the basis for the denial was the inaccurate criminal information that appears on Plaintiff's consumer reports, which was a substantial factor for the denial.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of denied employment opportunities, harm to reputation, and emotional distress, including frustration, humiliation, and embarrassment.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I**
**PLAINTIFF V. DEFENDANT**
**VIOLATIONS OF THE FCRA**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm

to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Jeffrey B. Sand*
Jeffrey Sand
WEINER & SAND LLC
800 Battery Ave. SE, Suite 100
Atlanta, Georgia 30339
Tel: (404) 205-5029

                    Fax: (866) 800-1482
                    js@wsjustice.com

                    Siobhán McGreal, Esq. *
                    FRANCIS MAILMAN SOUMILAS, P.C.
                    1600 Market Street, Suite 2510
                    Philadelphia, PA 19103
                    Tel: (215) 735-8600
                    Fax: (215) 940-8000
                    smcgreal@consumerlawfirm.com

*\* Application for admission pro hac vice forthcoming*

Dated: September 30, 2024        Attorneys for Plaintiff